UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN SIMS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TORI J. HALCARZ, GILLIAM, ARIES, KATIE A. JACOBS, HEATHER MCALLISTER, JASON SMILEY, ALLEN ORTH, DASHAUN WHEEL, DEAN RAGLIN, FRANCISCO GARCIA, JONES, WILLIAMS, SHEBISH, BRIDEGROOM, COPLAND, RIPPLE, CRITTENDON, ROHAND, BRYAN, GRAHAM, TRACY CORNETT, COOPER, WILLIAMS, SHANNON SMITH, WALA, MILLER, HEART, BURKE, MIXON, REED, HAROLD, FARLEY, and JACK HENDRIX,<br><br>　　　　Defendants. | CAUSE NO. 3:25-CV-143-PPS-AZ |

OPINION AND ORDER

John Sims, a prisoner without a lawyer, filed a complaint, alleging that he is in imminent danger because he is not receiving constitutionally adequate mental health treatment at Westville Correctional Facility, which results in him cutting himself and putting razors up his penis. ECF 2. He did not pay the filing fee and acknowledges that he is three-struck and precluded from proceeding in forma pauperis unless he is under imminent danger of physical harm. *See* 28 U.S.C. § 1915(g). But he asserts that he meets the imminent danger standard because he has been "cutting on himself and putting razors in his dick and could die from these things and he has tried to kill himself." ECF

2 at 7. Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes appropriate measures to address the risk of self-harm. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021). Because of the seriousness of this claim, there isn't time to review the other claims in the complaint before ordering a response. Therefore, I will grant the motion for leave to proceed in forma pauperis,[1] construe the complaint as a motion for a preliminary injunction, and order a response. I will take the other claims under advisement and screen them as required by 28 U.S.C. § 1915A at a later date.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

---

[1] This finding of imminent danger is based on the allegations in the complaint. This conclusion is subject to reconsideration if later evidence shows that the allegations of imminent danger are untrue. Further, the case is subject to dismissal as a sanction if Sims lied about the self-harm in order to come within the imminent danger exception. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) ("If Sanders's allegations of imminent physical harm are untrue, then he must pay the whole filing fee promptly. And if it turns out that Sanders has lied in an effort to manipulate the judge, the case may be dismissed with prejudice as a sanction even if he comes up with the $400." (citations omitted)).

includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks and citations omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Jason Smiley, the Warden of Westville Correctional Facility, has both the authority and the responsibility to ensure that Sims is protected from self-harm as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th

3

Cir. 2011). Therefore, Sims will be allowed to proceed on an official capacity claim for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 2) as a motion for a preliminary injunction;

(2) GRANTS John Sims leave to proceed against Warden Jason Smiley in his official capacity to obtain permanent injunctive relief to be protected from self-harm from cutting himself and putting razors in his penis as required by the Eighth Amendment;

(3) TAKES UNDER ADVISEMENT all other claims for later screening as required by 28 U.S.C. § 1915A;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from Warden Jason Smiley at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) DIRECTS the clerk to fax or email a copy of the same documents to Warden Jason Smiley at Westville Correctional Facility;

(6) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(7) ORDERS the Warden Jason Smiley to file and serve a response to the preliminary injunction, as soon as possible but not later than **March 14, 2025** (with supporting medical documentation and declarations from other staff as necessary)

describing/explaining how John Sims is being protected from self-harm to the extent required by the Eighth Amendment; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Jason Smiley to **NOT RESPOND** to the complaint until the court screens the remaining claims as required by 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February 21, 2025.

                                        /s/   Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT